UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARCIA ALMONTE (A#091-996-975),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:25-cv-01773-TLN-SCR<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Currently pending before the Court is Respondent's motion to lift the no transfer provision entered on December 9, 2025.  ECF No. 14.  For the reasons indicated herein, the undersigned recommends denying the motion.

## I.     Factual and Procedural History

On March 23, 2026, the District Judge granted Petitioner's Motion for a Preliminary Injunction and ordered that Respondents provide Petitioner with a bond hearing before an immigration judge within three days.  ECF No. 15.  Respondents submitted a Notice of Compliance indicating that Immigration Judge ("IJ") Katie Mullins denied petitioner a bond on March 25, 2026.  ECF No. 16.

1

Respondents filed a motion to lift the no transfer order entered on December 29, 2025, asserting that Petitioner's order of removal had become administratively final because he did not file a notice of appeal of the IJ's removal order issued on February 13, 2026.  ECF No. 14.  However, Respondents did not submit any evidence from the Executive Office of Immigration Review ("EOIR") or any declaration from an agency official demonstrating that petitioner's removal order had become administratively final.  ECF No. 14.  Respondents requested to lift the no transfer order "so that [P]etitioner can be removed to Mexico."  ECF No. 14 at 2.

Petitioner filed an opposition to the motion because he has a pending appeal before the Board of Immigration Appeals ("BIA").  ECF No. 17.  Therefore, Petitioner submits that his order of removal has not become administratively final.  ECF No. 17.  Attached to the opposition is a printout from the Executive Office of Immigration Review's Automated Case Information System indicating that Petitioner filed an appeal on March 10, 2026, which is currently pending.  ECF No. 17 at 6.  Petitioner's timely appeal automatically stays the execution of the IJ's removal order during the pendency of his BIA appeal.  ECF No. 17 at 2.  As a result, Petitioner contends that he may not lawfully be removed to Mexico at this time.

Notably, Respondents did not submit a reply nor make any effort to explain the factual error made in their motion.  The time to file a reply has expired.

**II.    Analysis**

Based on the evidence submitted by Petitioner, it is clear to the Court that there is no administratively final removal order at this juncture that would warrant lifting the no transfer provision entered in this case.  See 8 C.F.R. § 1003.6(a).  Respondents may not lawfully remove Petitioner to Mexico until such time as his removal order becomes final.  Id.  As a result, the motion to lift the no transfer provision should be denied.

In light of the material factual error made to the Court, any future motion to lift the no transfer provision shall be accompanied by evidence demonstrating that Petitioner's order of removal has become administratively final.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 9) is granted.

2.  The parties are directed to submit simultaneous briefs on the merits of the pending § 2241 petition no later than **June 23, 2026**.  Such briefs shall address whether petitioner is entitled to immediate release under the substantive due process framework applied in Doe v. Chestnut, 810 F.Supp.3d 1169 (E.D. Cal. 2025).

3.  Following expiration of the briefing deadline set herein, petitioner's § 2241 application will be deemed submitted on the papers.

IT IS FURTHER RECOMMENDED that Respondents' motion to lift the no transfer provision of the December 9, 2025 Order (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3